UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **CLARENCE E. BOOKER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Docket No.** _____ |
| v. ) | **JURY DEMANDED** |
| ) | |
| **GRISHAM BROS., LLC,** ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

COMES NOW the Plaintiff, Clarence E. Booker (hereinafter "Mr. Booker" or "Plaintiff"), by and through counsel, and brings this action against Defendant Grisham Bros., LLC, for compensatory and punitive damages arising from race and age discrimination and retaliation, as well as wrongful termination, and would show this Honorable Court and a jury of his peers the following:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Clarence E. Booker is a resident of Tipton County, Covington, Tennessee with a residential address of 2389 Highway 179, Covington, Tennessee 38019.

2. Defendant Grisham Bros., LLC is a Tennessee limited liability company with a principal place of business and mailing address of 3407 Fite Road, Millington, Tennessee 38053. Defendant may be served with process through their registered agent, Dawn Davey, located at 3407 Fite Road, Millington, Tennessee 38053.

3. Jurisdiction in this court is proper under 28 U.S.C. § 1331 as it pertains to a civil matter regarding violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5, *et*

1

*seq.*; the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*; and the Common Law.

4. All conditions precedent of jurisdiction under 42 U.S.C. §2000e-5(f)(3) have occurred or been complied with, to wit: Mr. Booker submitted a Charge of Discrimination to the Equal Employment Opportunity Commission (hereinafter "EEOC"), the "Right to Sue" letter was received by the Plaintiff from the EEOC on the charge, and this action was filed within 90 days of receiving her "Right to Sue" letter. A copy of the Charge of Discrimination is attached hereto as *Exhibit A* and a copy of the "Right to Sue" letter is attached hereto as *Exhibit B*.

5. This action is also based upon wrongful and retaliatory employment termination in violation of the law and public policy of Tennessee.

6. The acts upon which this lawsuit is based arose in Shelby County, Tennessee making venue proper in this Court.

7. Therefore, based upon the above and supported by the following facts, this Court has jurisdiction over the parties, subject matter, and venue, pursuant to 28 U.S.C. §1391(b), and are proper in this Court.

## FACTS

8. Plaintiff Clarence E. Booker is a 59-year-old African-American individual who was employed by Defendant.

9. At the time of the actions which form the subject matter of this lawsuit, Mr. Booker was 58 years old.

10. Mr. Booker's employment began on or about April 15, 1995 and ended on or about October of 2021 after Mr. Booker was wrongfully terminated.

11. During his time with Defendant, Mr. Booker was responsible for overseeing and managing many projects, and most recently managed the Special-Order department employees.

12. At the time of Mr. Booker's wrongful, retaliatory and discriminatory termination, Mr. Tim Austin, a Caucasian individual, was Mr. Booker's immediate supervisor.

13. While Mr. Booker was overseeing the Special-Order and Custom Door department, Mr. Austin approached Mr. Booker regarding a personal matter.

14. Specifically, Mr. Austin ordered Mr. Booker to begin working on a personal company project of Mr. Austin's and to prioritize this personal matter over the customer Special-Orders and Custom Door.

15. These personal matters were orders from an original customer of Mr. Austin's when he was in a sales position.

16. Mr. Austin still gained commissions from these sales, even though he was in a managerial position at this time.

17. Mr. Booker, based upon his many years of managerial experience with Defendant, believed this action by Mr. Austin to be a conflict of interest.

18. Therefore, Mr. Booker made a protected reporting to Defendant's executive, Mr. Feng Xu.

19. Specifically, Mr. Booker reported Mr. Austin's request to engage in personal projects over that of Defendant's customers.

20. After making this protected reporting, no actions were taken.

21. On or about October 15, 2021, Mr. Booker was informed by Mr. Austin that Defendant would be closing down a portion of its manufacturing facilities, including the Special Orders and Custom Door department.

22. At that time, Mr. Booker, as well as the other employees within the Special-Orders and Custom Door department were told they could apply for other positions within the company.

23. Mr. Booker did apply for other positions within the company

24. Mr. Booker was not offered any position for which he applied though he was more qualified and had more seniority than his co-workers.

25. All individuals under the age of 40, who worked in the Special-Orders and Custom door department, received new jobs for which they applied.

26. Mr. Booker held more experience and further qualifications than individuals under the age of 40.

27. Additionally, Caucasian employees who worked in the Special-Orders and Custom door department received new jobs for which they applied.

28. After Defendant failed to retain Mr. Booker after eliminating his position, Defendant then provided Mr. Booker a letter.

29. Specifically, this letter stated that Mr. Booker's position would be eliminated on January 31, 2022.

30. Prior to wrongfully terminating Mr. Booker, his Supervisor, Mr. Austin, began making false write-ups against Mr. Booker, including sham reasoning of failure to produce custom doors in a proper manner.

31. These issues arose due to Mr. Austin's actions in pulling employees from projects and then blaming Mr. Booker for such failures in the department when products were not timely produced.

32. Mr. Booker was targeted and discriminated against by Mr. Austin when Mr. Austin took these above-described actions.

33. At all times relevant hereto, Defendant had actual and/or constructive knowledge of Mr. Booker's race and age.

34. Defendant and its representative(s)/ employee(s) discriminated against Mr. Booker based upon his race (African-American) and age (58) by wrongfully eliminating his position and terminating him compared to similarly situated, as well as less experienced, Caucasians and individuals under the age of 40.

35. Mr. Booker's race of African American places him into a group protected from discriminatory actions under the laws of Title VII of the Civil Rights Act of 1964.

36. Defendant's wrongful, discriminatory, and retaliatory termination decision was a pretext for Defendant's true motivation, which was discrimination and retaliation based upon Mr. Booker's race, age, and protected reports made to an executive of Defendant, Mr. Feng Xu.

37. At all times relevant, Mr. Booker was engaged in an employment relationship with Defendant, and Defendant hired Caucasian individuals and those under the age of 40, with less experience, over Mr. Booker.

38. Due to the actions and/or omissions of Defendant, Mr. Booker was wrongfully terminated.

39. At all times relevant, Mr. Booker exhausted his administrative remedies by filing and complying with the procedures of the EEOC.

40. Mr. Booker timely filed his EEOC Charge of Discrimination.

## CAUSES OF ACTION

41. The allegations contained in Paragraphs 1 through 40 of this Complaint are incorporated herein.

42. Plaintiff is a member of the protected class by being over the age of forty (40) years old.

43. Plaintiff was wrongfully terminated from his position with Defendant.

44. Plaintiff was qualified to work in his position and to work in the applied-for positions after Defendant wrongfully eliminated his position after working for Defendant for almost twenty (20) years.

45. Defendant failed to hire Plaintiff and/or place Plaintiff in another position prior to terminating him, and instead hired an individual under the age of forty (40) to replace him.

46. Plaintiff is a member of the protected class as an African-American individual.

47. Plaintiff was wrongfully terminated from his position with Defendant.

48. Plaintiff was qualified to work in his position and to work in the applied-for positions after Defendant wrongfully eliminated his position after working for Defendant for almost twenty (20) years.

49. Plaintiff failed to hire Plaintiff and/or place Plaintiff in another position prior to terminating him, and instead hired a Caucasian individual into the position.

50. Defendant discriminated against Mr. Booker's race of African-American by failing to hire him compared to less qualified, Caucasian individuals, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5, *et seq.*

51. Defendant discriminated against Mr. Booker's age by failing to hire him compared to less qualified individuals under the age of 40, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*

52. Defendant discriminated against Mr. Booker by wrongfully and retaliatorily terminating him on the basis of his race, age, and protected reporting to management of such discrimination, and providing Caucasian and individuals under the age of 40, all of whom are less qualified, positions over Mr. Booker, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5, *et seq.* and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*

53. Defendant discriminated against Mr. Booker by terminating him on the basis of his age in violation of the Tennessee Human Rights Act, T.C.A. §4-21-101 *et seq.*

54. Defendant discriminated against Mr. Booker by terminating him in retaliation for his protected reporting in violation of the laws and public policies of the State of Tennessee.

55. Specifically, Defendant's conduct complained of herein constitutes a violation of the laws and policies regarding retaliatory and wrongful discharge in the State of Tennessee.

56. Defendant's conduct complained of herein constitutes a violation of the Common Law.

57. As a result of these violations, Mr. Booker seeks recovery for back pay, front pay, emotional distress, all benefits incident to employment, reinstatement, monetary losses, inconvenience, compensatory and liquidated damages, punitive damages, reasonable attorneys' fees, interest, and costs.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays the Court will enter judgment against Defendant for the relief set forth herein including all compensatory damages available, equitable relief available, liquidated damages, punitive damages, attorneys' fees, interest, costs, and any further specific relief that the Plaintiff shows herself to be justly entitled.

RESPECTFULLY SUBMITTED this the 5th day of August, 2022.

*s/ Nicholas F. House*
William A. Wooten (BPR #026674)
Nicholas F. House (BPR #038959)
WOOTEN LAW OFFICE
120 Court Square East
Covington, Tennessee 38019
(901) 475-1050
(901) 234-0028/facsimile
William@wootenlawoffice.com
Nick@wootenlawoffice.com

We acknowledge ourselves as sureties for the costs of this case not to exceed One Thousand Dollars ($1,000.00).

*s/ Nicholas F. House*
WOOTEN LAW OFFICE